UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



FELIX SANCHEZ,

    Plaintiff,

-against-

SUPERINTENDENT LEONARD A. PORTUONDO ET AL.,

99-civ-1911 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.

In 1992, petitioner Felix Sanchez was convicted of murder, attempted murder, and gun possession, and was sentenced to an aggregate term of 50 years to life in prison. His convictions were affirmed on appeal. On December 3, 1998, Sanchez filed an initial petition seeking habeas corpus relief, which this Court denied as untimely on January 12, 2000. ECF No. 8. Now before the Court is Sanchez's most recent affidavit, filed on October 16, 2019, attempting to "show[] good cause why the petition should not be barred by the one-year statute of limitation bar set forth in the AEDPA." Sanchez Letter at 1, ECF No. 14 (citing to the magistrate order recommending dismissal of Sanchez's initial habeas petition, Sanchez v. Portuondo, No. 99 CIV. 1911, 1999 WL 549011 (S.D.N.Y. July 28, 1999)).

Although it is not entirely clear from his correspondence with the Court, Sanchez primarily appears to request that the

1

Court reopen its prior judgment dismissing his initial habeas petition as untimely. Sanchez's affidavit largely focuses on why his prior habeas petition is not time-barred because a showing of actual innocence can excuse a first-time habeas petition's untimeliness. McQuiggin v. Perkins, 569 U.S. 383 (2013). The affidavit also, however, asserts some new constitutional challenges to his murder and attempted murder convictions.

Liberally construed, Sanchez's application thus appears to be both a motion for relief from the habeas judgment under Rule 60(b) of the Federal Rules of Civil Procedure,[1] as well as a "second or successive" petition under 28 U.S.C. § 2244(b). Sanchez's Rule 60(b) claim only plausibly falls under Rule 60(b)(6), which allows a court to reopen a case for "any . . . reason that justifies relief" other than the five enumerated reasons provided in Rule 60(b)(1)-(5). Fed. R. Civ. P. 60(b)(6).

---

[1] Sanchez does not explicitly seek relief under Rule 60(b), and it is possible that he is simply asserting a second habeas petition. The Second Circuit, however, "has cautioned district courts not to precipitously convert all post-conviction motions into second or successive collateral attacks." Gitten, 311 F.3d at 532. Because Sanchez appears to be "trying only to persuade the District Court that its denial of his initial collateral attack was subject to challenge," id. at 533, the Court construes his application as seeking to reopen the case under the mechanism the Federal Rules provide for doing so, Rule 60(b). See also Gonzales v. Crosby, 545 U.S. 524, 530-35 (2005) (finding that a habeas application may properly be considered as a Rule 60(b) motion if it attacks the merits of a judgment that denied habeas relief on non-substantive grounds such as untimeliness).

When confronting a Rule 60(b) motion that "also includes one or more claims that appear to constitute a second collateral attack on the same conviction," the Court has two options. Gitten v. United States, 311 F.3d 529, 530 (2d Cir. 2002). First, the Court may notify the petitioner of its intent to transfer the case to the Second Circuit, thereby giving the petitioner the chance to avoid transfer by withdrawing the portion of the motion that raises constitutional claims. Id. at 534. Second, the Court may evaluate the portion of the motion that falls within Rule 60(b) and, if it finds it meritless, dismiss both the Rule 60(b) portion of the motion, as well the remainder of the petition as "beyond the scope of Rule 60(b)." Id. The Court adopts the second approach here.

Because the Court finds that Sanchez's Rule 60(b) motion is untimely, it dismisses the entirety of his application. A Rule 60(b)(6) motion must "be made within a reasonable time" after the judgment being challenged was entered. Fed. R. Civ. P. 60(c)(1). In this case, it has been nearly twenty years since this Court entered the judgment that Sanchez now seeks to revisit. Furthermore, there is no apparent reason why Sanchez could not have sought relief earlier. Sanchez came into possession of the alleged evidence of his actual innocence "[r]ight after" sentencing, Aff. of Felix Sanchez ¶ 10, ECF No. 16, and Supreme Court precedent allowing equitable tolling based on actual

3

innocence is more than six years old. See McQuiggin, 569 U.S. 383 (2013). Sanchez's Rule 60(b) motion is thus denied as untimely and his constitutional claims are denied as beyond the scope of Rule 60(b).

SO ORDERED.

Dated: New York, NY

January 4, 2020

JED S. RAKOFF, U.S.D.J.